NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

JUAN MANUEL CHAVEZ, *Appellant*.

No. 1 CA-CR 16-0304
FILED 5-2-2017

Appeal from the Superior Court in Maricopa County
No. CR2014-005355-002 DT
The Honorable Carolyn K. Passamonte, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Law Office of Michael J. Dew, Phoenix
By Michael J. Dew
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Jon W. Thompson joined.

**W I N T H R O P**, Judge:

¶1  Juan Manuel Chavez ("Appellant") appeals his conviction and sentence for assisting a criminal street gang. Appellant's counsel has filed a brief in accordance with *Smith v. Robbins*, 528 U.S. 259 (2000); *Anders v. California*, 386 U.S. 738 (1967); and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), stating he has searched the record on appeal and has found no arguable question of law that is not frivolous. Appellant's counsel therefore requests that we review the record for fundamental error. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30, 2 P.3d 89, 96 (App. 1999) (stating that this court reviews the entire record for reversible error). This court allowed Appellant to file a supplemental brief *in propria persona*, but Appellant has not done so.

¶2  We have appellate jurisdiction pursuant to the Arizona Constitution, Article 6, Section 9, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) (2016), 13-4031 (2010), and 13-4033(A) (2010).[1] Finding no reversible error, we affirm.

## FACTS AND PROCEDURAL HISTORY[2]

¶3  In October 2014, a grand jury issued an indictment charging Appellant with Count I, kidnapping, a class two dangerous felony; Count II, dangerous or deadly assault by a prisoner, a class two dangerous felony; and Count III, assisting a criminal street gang, a class three felony. *See* A.R.S. §§ 13-105(13) (Supp. 2016) (dangerous offense), -1203 (2010) (assault), -1206 (2010) (dangerous or deadly assault by a prisoner), -1304 (2010) (kidnapping), -2321 (2010) (participating in or assisting a criminal street gang). The State later filed allegations of historical priors, alleging that Appellant had numerous prior felony convictions committed on multiple occasions, and alleged an additional historical prior conviction upon Appellant's conviction in a pending case (Maricopa County Superior Court Case No. CR2014-101311-001 DT). The State also filed, *inter alia*, allegations of aggravating circumstances, of multiple offenses not committed on the

---

[1]  We cite the current version of all applicable statutes because no revisions material to this decision have occurred since the date of the offense.

[2]  We view the facts in the light most favorable to sustaining the verdict and resolve all reasonable inferences against Appellant. *See State v. Kiper*, 181 Ariz. 62, 64, 887 P.2d 592, 594 (App. 1994).

same occasion, and that Appellant had intended to promote, further, or assist criminal conduct by a criminal street gang.

¶4 At trial, the State presented the following evidence: In July 2014, Appellant, Ricardo Pulido, Jason Lopez, and the victim were incarcerated in Maricopa County's Fourth Avenue Jail. Appellant and the victim were cellmates.

¶5 Appellant, Pulido, and the victim were "probate" members of the Arizona Mexican Mafia ("AMM").[3] Because the victim had cooperated with law enforcement and entered an agreement to testify in another case involving the AMM, he became a target for elimination.

¶6 On July 10, 2014, Pulido entered the victim's cell. Shortly thereafter, the victim also entered the cell, and Appellant and Lopez soon followed. Appellant and Pulido, aided by Lopez, punched and stabbed the victim multiple times with a homemade shank. After the assailants finished, they hugged and said, "Love you, primo,"[4] and called the victim a "fucking rat." Appellant, Pulido, and Lopez then stated they would leave the victim there to die, and each assailant individually exited the cell.

¶7 The victim, who was covered in blood, used the cell intercom system to call for help. Detention officers responded and discovered the victim on the floor and in need of medical attention. The victim was transported to the hospital with extensive injuries, including stab wounds to his upper torso. The victim identified Appellant, Pulido, and Lopez as the individuals who attacked him.

¶8 While the victim called for help, Appellant hurried to the shower area, where he took off his shirt and pants, showered, and then proceeded to the recreation yard. Detention officers later found Appellant's shirt on the shower floor with blood on it. Subsequent DNA testing indicated the blood on Appellant's shirt was that of the victim.

¶9 Pulido, Lopez, and Appellant testified for the defense. Pulido and Lopez, who had entered plea agreements and been convicted of various

---

[3] Appellant has numerous tattoos indicating his membership in the AMM and one of its affiliates, the South Side Ninth Street gang. Appellant testified that his tattoos were largely representative of his Native American religion, not the AMM.

[4] The word "primo" means "cousin," and is a term indicating a person's probate status in the AMM.

charges related to the attack on the victim, claimed they were the sole assailants and that Appellant had done nothing to help them. Pulido and Lopez each admitted having several other prior convictions.

**¶10** Appellant admitted having at least two prior convictions. Appellant testified that, shortly after he entered his cell on July 10, things "escalated." He became concerned for his safety and tried to stay out of the assault, but could not leave because his exit was blocked. He did not tell detention officers what had happened because he was not a "snitch," and claimed to have no knowledge that the victim had agreed to testify in another matter.

**¶11** The jury found Appellant guilty as charged of Count III, assisting a criminal street gang, but could not reach a verdict on Counts I and II, and the court declared a mistrial as to those counts. The jury also found five aggravating factors for sentencing purposes. Appellant later entered a plea agreement, pleading guilty to Count I as amended to reflect kidnapping, a class two non-dangerous felony, in exchange for the dismissal of Count II.

**¶12** After determining Appellant had at least two historical prior felony convictions, including the conviction in CR2014-101311-001 DT, the trial court sentenced Appellant to concurrent, aggravated terms of eight years' imprisonment for Count I and twenty years' imprisonment for Count III, with zero days of presentence incarceration credit, and ordered that Appellant's sentences be served consecutively to the sentence in CR2014-101311-001 DT. Appellant filed a timely notice of appeal of his conviction and sentence for Count III, assisting a criminal street gang.

## ANALYSIS

**¶13** We have reviewed the entire record for reversible error and find none. *See Leon*, 104 Ariz. at 300, 451 P.2d at 881; *Clark*, 196 Ariz. at 537, ¶ 30, 2 P.3d at 96. The evidence presented at trial was substantial and supports the verdict. Appellant was represented by counsel at all stages of the proceedings and was given the opportunity to speak at sentencing. The proceedings were conducted in compliance with his constitutional and statutory rights and the Arizona Rules of Criminal Procedure.

**¶14** After filing of this decision, defense counsel's obligations pertaining to Appellant's representation in this appeal have ended. Counsel need do no more than inform Appellant of the status of the appeal and of his future options, unless counsel's review reveals an issue appropriate for petition for review to the Arizona Supreme Court. *See State*

*v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984). Appellant has thirty days from the date of this decision to proceed, if he desires, with a *pro per* motion for reconsideration or petition for review.

**CONCLUSION**

¶15 Appellant's conviction and sentence for assisting a criminal street gang are affirmed.

